**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FAREED-SEPEHRY-FARD[©], <br><br> Plaintiff, <br><br> v. <br><br> U. S. BANK NATIONAL ASSOCIATION, et al., <br><br> Defendants. | Case No. 18-cv-03885-BLF <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION; AND DISMISSING ACTION WITH PREJUDICE** |

Plaintiff Fareed-Sepehry-Fard[©] brings this action against Defendants in connection with the financing of the property located at 12309 Saratoga Creek Dr., Saratoga, CA 95070 (the "Property"). Compl., ECF 1. Fareed-Sepehry-Fard[©] seeks declaratory relief based on the alleged rescission of his loan under the Truth in Lending Act ("TILA"). *Id.* He also filed an application to proceed in forma pauperis ("IFP"). IFP Appl., ECF 2.

Magistrate Judge Susan van Keulen issued a Report and Recommendation ("Report") on this matter. Report, ECF 18. The Report recommends granting Fareed-Sepehry-Fard[©]'s IFP application, but recommends dismissing the complaint without leave to amend pursuant to 28 U.S.C. § 1915(e). Fareed-Sepehry-Fard[©] filed an objection. Objection, ECF 22. The Court finds the Report correct, well-reasoned and thorough, and adopts it in every respect for the reasons stated below.

**I. IFP APPLICATION**

If the Court is satisfied that the applicant cannot pay the requisite filing fees, the Court may

1 grant an IFP application. 28 U.S.C. § 1915(a)(1). In evaluating such an application, the Court may "gran[t] or den[y] IFP status based on the [applicant's] financial resources." *Franklin v. Murphy*, 745 F.2d 1221, 1226–27 n.5 (9th Cir. 1984). Upon reviewing Fareed-Sepehry-Fard©'s IFP application, the Court finds that he qualifies financially for IFP status. The Court therefore GRANTS Fareed-Sepehry-Fard©'s application to proceed IFP.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)(2)

A federal court must engage in a preliminary screening of any complaint filed by a plaintiff proceeding IFP to ensure that the complaint is not frivolous, states a claim, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint alleges that Fareed-Sepehry-Fard© purchased the Property in January 1997. Compl. ¶ 1. In January 2007, Fareed-Sepehry-Fard© refinanced his mortgage with Defendant GreenPoint Mortgage Funding, Inc. ("GreenPoint") and obtained a loan in the amount of $1,300,000. *Id.* ¶ 2. The complaint further alleges that Fareed-Sepehry-Fard© issued six rescission notices of the 2007 loan. *Id.* ¶ 30. In particular, the complaint pleads that Fareed-Sepehry-Fard© sent his first rescission notice on August 23, 2011. *Id.* ¶ 30. According to the complaint, Defendants had 20 days to file an action to dispute the notice of rescission but failed to do so. *See id.* ¶ 47.

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[I]f it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief," then dismissal of the complaint is proper. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citations omitted).

Here, the complaint relies on TILA to allege a claim for relief. The TILA allows borrowers to seek rescission of their loans up to three years after the parties consummate the transaction. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791 (2015). 15 U.S.C. § 1635(f) provides that the borrower's "right of rescission . . . expire[s] three years after the date of

2

consummation of the transaction or upon the sale of the property, whichever occurs first." The Supreme Court has made clear that there is "no federal right to rescind, defensively or otherwise, after the 3–year period of § 1635(f) has run." *Jesinoski*, 135 S. Ct. at 791 (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998)). Section 1635(f) "completely extinguishes the right of rescission at the end of the 3-year period." *Beach*, 523 U.S. at 412. In other words, § 1635(f) is a statute of repose which sets a three-year limitation after the consummation of the loan. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012).

The complaint contains no set of facts that support a claim for relief because the three-year time limit set forth in § 1635(f) bars Fareed-Sepehry-Fard©'s claim. Fareed-Sepehry-Fard© alleges that he executed his mortgage on January 10, 2007. Compl. ¶ 2. Fareed-Sepehry-Fard© further alleges that he sent his first notice of rescission on August 23, 2011, which is more than three years after the date he obtained the loan. *Id.* ¶¶ 30, 32. Therefore, § 1635(f) bars Fareed-Sepehry-Fard©'s claim based on TILA. *Jesinoski*, 135 S. Ct. at 792.

Fareed-Sepehry-Fard©'s complaint contains several assertions why his claim is not time-barred. First, Fareed-Sepehry-Fard© asserts that his loan was not consummated. *See* Compl. ¶ 31. However, to the extent that Fareed-Sepehry-Fard© pleads that there was no consummation and thus the underlying contract does not exist, his allegation is inconsistent with his TILA claim. *Ghalehtak v. FNBN I, LLC*, No. 15-CV-05821-LB, 2016 WL 2606664, at *4 (N.D. Cal. May 6, 2016) (holding that a court must "assume[] the existence of a valid contract for purposes of [the] TILA" because rescission only applies to an existing contract). If Fareed-Sepehry-Fard© alleges that there is no contract to rescind, he has no TILA claim to rely on. *Id.*

Second, Fareed-Sepehry-Fard© pleads that Defendants failed to challenge his rescission notices and thus waived their right to assert "a statute of limitations defense." Compl. ¶¶ 33, 37. However, courts have held that a defendant's failure to respond to a rescission letter does not result in waiver of the right to contest the plaintiff's rescission under TILA. *See, e.g.*, *Lohse v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc.*, No. 2:15-2623, 2016 WL 1322891, at *4 (E.D. Cal. Apr. 5, 2016); *see also Pittman v. Wells Fargo Bank, N.A.*, No. EDCV16348, 2016 WL 7507772, at *6 (C.D. Cal. Apr. 28, 2016); *Timm v. Wells Fargo Bank,*

*N.A.*, 701 F. App'x 171, 175 (3d Cir. 2017). As mentioned, the Supreme Court has made clear that there is "no federal right to rescind, defensively or otherwise, after the 3–year period of § 1635(f) has run." *Beach*, 523 U.S. at 419. Because the complaint alleges that Fareed-Sepehry-Fard© sent his first letter of rescission more than three years after he obtained the loan, his "right of rescission . . . expire[d]," § 1635(f), and it is irrelevant whether Defendants responded to his rescission notices.

Third, Fareed-Sepehry-Fard© alleges that equitable tolling applies to his claim. Compl. ¶¶ 27–41. However, the Ninth Circuit has held that § 1635(f) is not subject to tolling. *McOmie-Gray*, 667 F.3d at 1329–30; *see also Glaser v. Nationstar Mortg., LLC*, No. 16-CV-07245-LB, 2017 WL 1861850, at *13 (N.D. Cal. May 9, 2017) ("[T]he notice must be timely, and the three-year period for a TILA rescission claim is not subject to equitable tolling" (citing *Beach*, 523 U.S. at 412)).

Fareed-Sepehry-Fard©'s arguments in his objection to the Report do not change the conclusion that his claim is time-barred. He asserts that the mailing of his notice voided the loan and that Defendants failed to "vacate . . . the rescission" by filing a lawsuit. *See* Objection 2. But here, Fareed-Sepehry-Fard©'s right to rescission expired under § 1635(f) because he alleges that the first rescission notice was sent more than three years after he obtained his loan. Thus, the mailing of the rescission notice could not have voided the loan. Moreover, contrary to Fareed-Sepehry-Fard©'s assertion, sending a notice does not necessarily void the borrower's loan obligation. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003).

Accordingly, Fareed-Sepehry-Fard©'s claim is time-barred under § 1635(f), and thus his complaint fails to state a claim for relief upon which relief may be granted. The complaint therefore must be dismissed.

### III. ORDER

For the foregoing reasons, Fareed-Sepehry-Fard©'s complaint is DISMISSED WITH PREJUDICE WITHOUT LEAVE TO AMEND. Allowing an opportunity to amend the complaint would be futile because Fareed-Sepehry-Fard©'s claim is time-barred pursuant to 15 U.S.C. §

1635(f). Any outstanding motions are TERMINATED as MOOT. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: September 4, 2018

_____
BETH LABSON FREEMAN
United States District Judge