**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FAREED SEPEHRY-FARD©, <br> Plaintiff, <br> v. <br> U. S. BANK NATIONAL ASSOCIATION, et al., <br> Defendants. | Case No. 18-cv-03885-BLF <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND PLAINTIFF'S MOTION TO STRIKE** <br><br> [Re: ECF 28, 37] |

Before the Court are two related motions: Plaintiff's Motion for Reconsideration of the Court's Order Adopting Report and Recommendation (ECF 26), *see* ECF 28; and Plaintiff's Motion to Strike Defendants' Opposition to Plaintiff's Motion for Reconsideration (ECF 35), *see* ECF 37. Pursuant to Civil Local Rule 7-1(b), the Court finds Plaintiff's motions suitable for submission without oral argument. For the reasons stated below, Plaintiff's Motion to Strike ("MTS") at ECF 37 is DENIED; and Plaintiff's Motion for Reconsideration ("MFR") at ECF 28 is DENIED.

## I.  BACKGROUND

Plaintiff Fareed-Sepehry-Fard© ("Plaintiff") brought this action against Defendants in connection with the financing of the property located at 12309 Saratoga Creek Dr., Saratoga, CA 95070 (the "Property"). Compl., ECF 1. Plaintiff sought declaratory relief based on the alleged rescission of his loan under the Truth in Lending Act ("TILA"). *Id.* Plaintiff also filed an application to proceed in forma pauperis ("IFP"). IFP Appl., ECF 2. Magistrate Judge Susan van Keulen issued a Report and Recommendation ("Report") on this matter. Report, ECF 18. The Report recommended granting Plaintiff's IFP application, but recommended dismissing the

complaint without leave to amend pursuant to 28 U.S.C. § 1915(e). The Court found the Report correct, well-reasoned and thorough, and adopted the Report in every respect. *See* Order Adopting Report and Recommendation and Dismissing Action with Prejudice ("Dismissal Order"), ECF 26.

The present motions followed. The Court construes Plaintiff's Motion for Reconsideration as being filed pursuant to Federal Rule of Civil Procedure 59(e). *See* MFR at 1–2 ("[a] motion for reconsideration is allowable under either Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59(e) . . ." and quoting Rule 9023).

## II. LEGAL STANDARD

### A. Civil Local Rule 7-5(a)

Under Civil Local Rule 7-5(a), "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." Civ. L.R. 7-5(a). Any "[e]xtracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration." *Id.*

### B. Federal Rule of Civil Procedure 59(e)

A court can, pursuant to Federal Rule of Civil Procedure 59(e), alter or amend a judgment upon a showing of one of four grounds: "(1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and citation omitted). A motion brought under Rule 59 is not an opportunity for a party to re-litigate the claims that were before the Court prior to judgment, but is instead an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation and citation omitted) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," and should not be granted "absent highly unusual circumstances.").

## III. DISCUSSION

### A. Plaintiff's Motion to Strike (ECF 37)

Plaintiff moves to strike Defendants' opposition brief pursuant to Civil Local Rule 7-5(a) on the grounds that "factual contentions made in support of alleged Defendants' unverified opposition . . . have [not] been supported by an affidavit or declaration." MTS at 1, ECF 37. However, Plaintiff fails to identify even a single "factual contention" that would require such support. *See id.* Plaintiff's additional arguments are also without merit. Accordingly, Plaintiff's Motion to Strike at ECF 37 is DENIED.

### B. Plaintiff's Motion for Reconsideration (ECF 28)

Plaintiff argues (1) that the Court incorrectly applied Federal Rule of Civil Procedure 12(b)(6); and (2) that the Court incorrectly interpreted and applied the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 *et seq. See* MFR at 2–13, 14–24, ECF 28; *see also* Dismissal Order, ECF 26; Report, ECF 18. Plaintiff also "demands an evidentiary hearing." *See* MFR at 17. Defendants counter that "Plaintiff's motion satisfies none of the criteria for granting reconsideration." *See* Opp'n to MFR at 1, ECF 35.

The Court agrees with Defendants. Plaintiff's Motion for Reconsideration is based the argument that the Court incorrectly applied or interpreted the Federal Rules of Civil Procedure and federal law. However, Plaintiff has identified no "newly discovered or previously unavailable evidence" or "intervening change in controlling law" that would provide a basis for the Court to reconsider its Dismissal Order under Rule 12(b)(6) or TILA. *See Turner*, 338 F.3d at 1063. Nor has Plaintiff demonstrated that reconsideration is necessary "to correct manifest errors of law or fact" or "to prevent manifest injustice." *See id.* Instead, Plaintiff's motion is essentially an unallowable attempt to re-litigate the claims before the Court prior to judgment. *See Kona*, 229 F.3d at 890.

The Court finds that Plaintiff's arguments could have been raised earlier in the litigation, and in any event, do not amount to "highly unusual circumstances" that would warrant reconsideration. *See id.* In sum, the Court finds that Plaintiff's arguments fail to satisfy any of the four factors in *Turner*, or the "highly unusual circumstances" standard in *Kona*. Accordingly,

3

Plaintiff's Motion for Reconsideration at ECF 28 is DENIED.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Strike at ECF 37 is DENIED; and Plaintiff's Motion for Reconsideration at ECF 28 is DENIED.

**IT IS SO ORDERED.**

Dated: November 16, 2018

_____
BETH LABSON FREEMAN
United States District Judge